Argued and submitted March 14, reversed and remanded in part; affirmed in part May 9, reconsideration allowed; former opinion adhered to July 25 (69 Or App 281, 684 P2d 1250), petition for review denied September 5 (297 Or 782), reconsideration of denial of attorney fees denied August 17, petition for review denied October 9 (298 Or 68), reconsideration of denial of attorney fees denied November 2, petition for review denied November 27, 1984 (298 Or 238)

In the Matter of the Compensation of
Guadalupe Rivera, Claimant.

RIVERA,
*Petitioner,*

*v.*

R & S NURSERY et al,
*Respondents.*

(82-02812; CA A29073)

680 P2d 1029

Raul Soto-Seelig, Portland, argued the cause and filed the brief for petitioner.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Dennis S. Reese and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant was awarded permanent partial disability for ten percent loss of a leg. He asserts that the endorsement of the check from respondent Argonaut Insurance Company (Argonaut) in payment of the award was forged and that he never received payment. Claimant appeals the order of the Workers' Compensation Board affirming the referee, which found that claimant had failed to prove that he did not receive the proceeds of the award. He also appeals the denial of penalties and attorney fees under ORS 656.262(10). On *de novo* review we find that claimant established by a preponderance of the evidence that he did not receive payment. The denial of penalties and attorney fees is affirmed.

Claimant, a Mexican national, was employed by respondent R & S Nursery in May, 1980, when he broke his leg. On October 20, 1981, a determination order was issued awarding permanent partial disability. Argonaut issued a check for $1,596 in payment of the award and mailed it to claimant's address as shown in the company file. Claimant returned to Mexico. It is not clear whether he moved before or after the check was issued. Some time in December, 1981, claimant's attorney informed Argonaut that claimant had not received the check. A "stop payment" order was too late; the check had been cashed by a bank other than the drawee bank on November 16, 1981.

Argonaut requested that claimant complete a declaration of forgery and have the document notarized. The statement recites:

> "The signatures thereon purporting to be those of the undersigned * * * are not the signatures of the undersigned, nor were said signatures written or authorized or ratified by the undersigned. Nor were said checks issued or delivered by the undersigned, and that said signatures are forgeries; that the undersigned has received no part of the proceeds of said checks, nor has the undersigned received any benefit, either directly or indirectly, resulting from such payment; that the undersigned has no knowledge of the circumstances surrounding, nor the person who committed, said forgeries * * * I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

The document is dated and signed by "Guadalupe Rivera" and indicates that it was executed at claimant's home in Mexico. The document is not notarized. Apparently the drawee bank refused to accept the document without notarization, and Argonaut in turn refused to issue another check in the absence of the notarization.

The referee found that sufficient evidence was presented to establish that the endorsement on the check is a forgery. However, the referee determined that claimant failed to prove that he did not receive the proceeds of the check.

OAR 436-54-310(1) provides:

"Benefits shall be deemed paid when deposited in the U.S. Mail addressed to the last known address of the worker or beneficiary * * *."

The Board concluded that Argonaut had presented testimony sufficient to prove that the check had been mailed to claimant's last known address and that the burden of going forward with the evidence then shifted to claimant. The Board then determined:

"Although there was testimony to the effect that claimant's signature was in fact a forgery, as the referee noted, no evidence was presented establishing that claimant did not in fact receive the proceeds from the check or that the check was not signed by someone in his behalf."

We disagree with the Board's factual finding. The statement signed by claimant states that he received no benefit from the payment, either directly or indirectly. That statement was admitted as evidence at the hearing. There is nothing in the record to indicate that claimant received the proceeds. The basis for Argonaut's refusal to issue a second check is claimant's failure to have the declaration of forgery notarized. While such a request may be reasonable and expeditious concerning the relationship between the insurer and its bank, notarization of a declaration of forgery is not required by the Workers' Compensation statutes as a predicate to the receipt of a disability award. We find that claimant proved non-payment and that he is entitled to payment. We also find that Argonaut's conduct does not justify the imposition of penalties under ORS 656.262(10).

Reversed and remanded with instructions to pay the disability award. The denial of penalties under ORS 656.262(10) is affirmed.