On respondents' reconsideration filed June 14 and amended reconsideration filed July 16, reconsideration allowed, former opinion (68 Or App 307, 680 P2d 1029) adhered to July 25, petition for review denied September 5, 1984 (297 Or 782)

In the Matter of the Compensation of
Guadalupe Rivera, Claimant.

**RIVERA,**
*Petitioner,*

*v.*

**R & S NURSERY et al,**
*Respondents.*

(82-02812; CA A29073)

684 P2d 1250

Allan M. Muir, Dennis S. Reese, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, for petition.

Before Gillette, Presiding Judge, Joseph, Chief Judge,* and Young, Judge.

YOUNG, J.

## YOUNG, J.

In this workers' compensation case, respondents have filed a petition and an amended petition for reconsideration of our former opinion. *Rivera v. R & S Nursery,* 68 Or App 307, 680 P2d 1029 (1984). They invite us to reverse ourselves because of our reliance on an exhibit not in evidence. We allow the petitions and adhere to our former opinion.

Respondents are correct that we relied on an exhibit, a signed declaration of forgery, which was marked as an exhibit, but not admitted as evidence. The referee considered the exhibit. His opinion and order states:

> "The carrier's position throughout has been that it will issue claimant another check upon his completion of a notarized declaration of forgery form. *Claimant completed part of the form, but has not had it notarized."* (Emphasis supplied.)

The Board's order on review addresses the exhibit.

> "The insurer requested claimant fill out the [exhibit] in his handwriting and have it notarized. Upon receipt of the completed form, the insurer indicated it would immediately issue another check payable to claimant * * *. *The document was returned to the insurer, filled out and signed by claimant but not notarized."* (Emphasis supplied.)

On appeal, one of claimant's assignments of error is that it was both unreasonable and illegal to require claimant to have his signature notarized. Claimant states in his brief:

> "Claimant provided the carrier with a declaration of forgery (Ex. 24-6, and O&O p. 2), but he was unable to have it notarized in Mexico where he resides."

Reference to the exhibit also appears at several places in respondents' brief. The only difficulty is: The declaration of forgery was not admitted in evidence at the hearing before the referee.

We review the "entire record" *de novo.* ORS 656.298(6). We consider the declaration of forgery, although hearsay, to be relevant and admissible. *See* ORS 656.283(6). It is admitted.[1]

---

[1] Petitioner in its amended petition states that, although the declaration of forgery was rejected by the referee as being hearsay, that "[l]ater in the hearing, a copy of the same document was attached to a deposition exhibit and allowed into evidence without objection." That fact, however, does not change the basis of our decision.

Petition and amended petition for reconsideration allowed; former opinion adhered to.